May it please the court. My name is Peter Sardot. I am a member of the Wake County, North Carolina Bar and Admitted before this court. We're here today on behalf of Alfred Littlepage, a decorated veteran who After the facts in question passed away, so we're representing his estate. At the time he went to the VA hospital He was a 78 year old man who was as his wife described Agitated and somewhat out of control Yes, ma'am, please After he was admitted to the hospital in an agitated state he was taken to the ninth He was that taken to the Durham VA Hospital in Durham, North Carolina He was taken to the ninth floor, which is a psychiatric ward in the hospital Because of his agitated state his wife was not allowed to visit him for three days At the end of that time period she visited him found him on the floor Even though he had been put under a false precaution while he was treated at the hospital We are here because This case was dismissed by the trial court for failure to comply with rule 9j of the North Carolina Rules of Civil Procedure And if I could just for a second talk about rule 9j because I think it's important to understand how it Fits into this the puzzle of this case rule 9j was passed by the General Assembly in the in the mid 80s because of Series of lawsuits that were filed against against medical professionals the General Assembly Wanted to stem the claims of questionable nature and in doing so it would Bring relief to the litigation that was presented to the medical professionals including hospitals doctors and some nurses They passed rule 9j which requires a plan in a civil action to Certify to the court that he's had the medical records of the Alleged malpractice Reviewed by a person who is the same Education and Qualifications as the medical professional in question That person has to certify that he's willing to testify that That medical care he reviewed reached the standard of care in other words that there was a negligent act, but then Within those records we did not assert a rule 9j Certification we we've never never made any secret about that we don't think it's appropriate and the reason we don't think it's appropriate is because it was a failure to Monitor and observe we contend that that is the act of negligence if the court would Sort of enjoy Join with me in a rhetorical question and that as to who you would name in a situation like this What field of expertise would you ask your expert to have because what we have is no medical care being administered simply All right actually at paragraph 13 I say as a result of the failure to observe and monitor the veteran suffered a hip fat fracture bruises and contusions the result of this fall What about paragraph 17 and 23 Your honor I'm asserting there that it is the due care of the defendant Be a medical center and the due care there is not a medical standard, but rather a simple standard of negligence And we contend that the North Carolina cases that have dealt with this very issue have been circumspect in segregating the medical negligence claims from simple negligence claims In the leading case that we asked the court to consider is the Blanton vs. Moses Cone and in Blanton vs. Moses Cone the court said Just because a person has a medical License does not mean that that person Must be sued under Rule 9 check and that there are facts in which that rule does not apply part of part of the problem I Don't mean to call it a problem But as Judge Agee pointed out in that paragraph you actually refer to the hospital as the defendant Yes, your honor. I do well the hospital is not the defendant the United States is the defendant here Now if this occurred at a private hospital Or a public hospital, but not the government if it weren't a government weren't a VA hospital or United States facility You don't deny do you that you could actually bring a professional Malpractice case against the hospital Correct you could bring it if you had the facts to support it and you had a Physician willing to testify under Rule 9 standards. Well, but on these facts You don't mean to suggest to you that you couldn't find An appropriate expert who could come in and say Under Rule 702 Any hospital in the world would not permit this to happen for the following? reasons and and this expert would have referred to standards of the American Hospital Association the organization of health care providers I mean this in other words my point is And this is actually a friendly question to you This could have been brought as a medical malpractice case. That's correct Okay, your argument is that's not how I brought it. That's correct. And just because it happened in a hospital Doesn't make it a medical malpractice case. That's that's your argument. Yes, and frankly the district judge At least some of the language in the district courts order seems to suggest that the district court thought that because it occurred at a hospital It had to be a medical malpractice case. That's that's and your argument. That's not true. That is true Let me ask you this if I may and then I'll be quiet If you win here and this goes back as a quote-unquote simple negligence case Would That have an impact in other words would a trial of this case On a theory of simple negligence look any different apart from the absence of expert testimony Would it would an actual trial look any differently would with the measure of damages be any different if it were a medical malpractice? No, you're no difference. You'd have to prove that the hospital personnel Failed to keep him from falling out of the bed, that's correct That's your point. That's correct And whatever damages flow from him falling out of the bed Would be the limit of his life the government's liability. Now. Would you want to introduce evidence of that? What do you call it? restraint protocol or the falls falls falls pop With I'm gonna ask you now here. I'm gonna ask you not so friendly a question What if the government said? All right, we'll treat it as a negligence case, but you can't introduce evidence of the falls policy, I think That would be a risk that I would run that you would have to have the right to say no We're not not gone Because that bespeaks sort of medical malpractice it does and you're willing to try the case on the basis of simple simple negligence Sure, and that would be it. Okay. I didn't mean to lay a trap for you or anything Sometimes appellate concessions can come back and bite counsel Secondly second portion of our argument is that we contend that the facts as presented here that specifically that no one was allowed to visit the Patient while he was in the ninth floor agitation wing All of the facts all of the control of the patient during that time was by the VA Hospital And then there is no evidence of direct negligence that Those facts as asserted in our complaint and as can taken taken from reading the complaint by the court We contend constitute the doctrine of residents of local Which is an exception from the rule 9j? Requirements, so we contend that there are two basis for finding that the trial court Errors in dismissing the case number one rule 9j does not apply to this case as it is a simple negligence case and number Two that it is a rest if it's a locator case as pled and therefore so your proof of that would be that the The plaintiff was in the care of the defendants medical personnel He was injured Therefore there was negligence Yeah, well residents of local requires that Generally speaking worse that I've generally speaking this act would not have occurred absent the negligent omission of some party and that some party would be administrator a clerk or med tech Not for medical care, could you give me an example of? Medical malpractice that didn't involve negligence No, I think the essential element of medical malpractice is negligence If I can stray a little bit from the pleadings I would like to say that Mr.. Little page Defended his country received three bronze stars when he was in Korea He was a simple laborer. He had only  Hard labor as an ability to earn his living He Defended our nation when the time was right We asked that the court do the same and find that his case fits under simple negligence and and reverse the finding of the Thank you. Thank you Miss Shaw I May it please the court. Good morning. My name is Shalva Sean here on behalf of the United States Runners as an instant matter. This is a medical malpractice action the North Carolina Court of Appeals in 2010 spoke directly to this issue in deal the fry Regional Medical Center the North Carolina Court of Appeals Held that the decision to evaluate for and implement a false precaution plan involved questions of clinical judgment and Intellectual skills such that any challenge would be a claim of medical malpractice So now you have a case based on session in which there will be no evidence introduced no discovery related to The Falls protection plan or whatever it's called In that light what your argument well, we're looking at the plaintiff's complaint they allege They don't allege any duty that doesn't arise from the duty from the false And at that point the only duty that they're alleging their complaint It's part of the false precaution plan that they can't separate that out the fault. They're they're Are you now saying that? I'm not sure I'm following counsel just conceded that He is willing to try the case without evidence That you undertook a special duty Which is what this falls protection plan. It's a special duty a medical duty Counsel's now saying look this could have just been the guy down the street hired to look after Somebody's grandfather and one of the things you know about 78 year old in this condition is that you don't You don't run the risk That was run here has nothing to do with medical judgment You disagree Yes, your honor respectfully. I do disagree because in this case the They have there's no duty that the hospital owed to the person that walked in to keep them from falling out of bed It's not an ordinary duty. This isn't a normal premises liability question where mr. Little page was walking down the hall and slipped on a puddle of water what we're dealing with here is a patient with severe dementia Agitated out of control the doctors were having to evaluate him on a daily basis to determine his Identify the risk of him falling out of bed determine what steps they needed to take to keep him from falling out of bed That's where the duty arises from beyond that. There was no duty on behalf of the hospital. So if If somebody hires the lady across the street Who doesn't have a regular employment? to look after grandma Who's agitated who's 78 years old? That person doesn't have a duty to ensure that grandma doesn't fall Either fall out of bed or slip and fall once having gotten out of bed That's not part of what the lady across the street has agreed to Take care that doesn't happen to grandma She's an unemployed executive for a Home Depot Because he wasn't entrusted to the care of a lady across the street he was entrusted to the care of medical professionals What the argument here is is that I'm not relying on the plaintiff isn't relying on the fact that he was in a hospital Well, this could have happened anywhere It was and I don't think and I think the problem with that argument is that that person while caring for It's the medical professional that has this duty to prevent them to consider their diseases and prevent them from falling out of bed I don't think the lady across the street would also have that duty I don't think she would have the same duty under to keep her from falling and breaking her hip. Well, I think your honor Grandma's conscious if she was awake, she could have she could have fallen out of bed without any negligence That's exactly the point That's exactly the point. There may not have been any negligence There may not have been you may win the case I would agree with that and you don't have to face a jury Right. Yes, your honor because a private party would have to face a jury on this But you're gonna have a United States District Judge deciding whether there was any negligence Well, your honor in this case I don't think that their specific claims can be separated out from the fact that the duty they're alleging did come out of the hospital I understand what you're saying But I don't think that's what the claim that their complaint break Well, they do talk about in paragraph 13 the failure to monitor and supervise Specifically what they're referring to is the failure to monitor and supervise the execution of the false precaution plan So while they can Attempt to separate out those two duties. I think their complaint completely pushes the two together And therefore we say that they are making a medical malpractice thing in North Carolina law Has spoken to this issue and has decided false precaution plan because of the clinical judgment and skill that it involved as I understand the facts here Ms. Little page actually found him on the floor. Yes, your honor. That's correct If I may speak to that so miss little I mean she hadn't according to the allegation she hadn't seen him for three days She shows up Apparently some health professional actually admits her to the room or escorts her to the room and she finds him on the floor Yes, your honor, and I think that that factual allegation alone does not establish the fact that he fell out of bed Here we're dealing with a patient who had so long I'm sorry, how long had he been on the floor your honor? I don't believe that's in the record exactly how long because there hasn't been a discovery No, your honor. There has not this Is right and so eventually if this case goes back People are going to find out how long he Likely been on the floor. It's possible your honor but I just think it's the plaintiff's burden as plaintiff in this matter as the person bringing the complaint and trying to make a claim under rest of the law puter or I'm talking about the medical charts gonna show when was the last time Anybody in the VA Center went in and checked on mr. Little page Yes, I believe the medical records would show that since you've seen him council hasn't or maybe he has Well and the false precaution plan Dictates things just of that nature when he needs to be checked on Accompanying him to the bathroom company him for feeding putting on certain pairs of shoes whether or not the side rails need to be up or down And also constant nurse monitoring seeing his ups and downs again He had severed. He's a decorated career war veteran with severe dementia. He was agitated He was out of control and they had to reassess medical professionals had to reassess on a daily basis It's not numerous times during a day to determine what was necessary to keep him from falling out of bed. Miss Shaw I will I will ask the same question. Mr. Sardar how Specifically help me understand how the false precaution in this case differed from the fall risk screen assessment That was an issue in deal your honor. I think they're one in the same I think the false precaution plan is something that results from the falls risk green assessment So once they make that assessment, they look at the patient assess his specific Diseases that he's coming in with his disabilities, whatever the situation may be identify his risk of falling and implement certain measures that plan those measures are what part of the false precaution plan in Mr. Little cages case that involves everything that I was just describing Constant monitoring being close to a nurse's station constant re-evaluation determine whether or not he needs more or less supervision for that specific day This patient Specifically had a tendency, you know He he was a veteran and he thought his dementia was taking him back to a time when he was some war Is this in the record? No, your honor. That's not in the record But based on that is how the nurses were evaluating what types of risk for example for a patient who's going to consistently get Out of bed and lay down on the floor Hypothetically speaking they would maybe want to lower the side rails as opposed to keeping him up There are cases about different cases out there about side rails whether or not they need to be up or down But if the patient's constantly trying to get out of bed is mobile Those side rails may present an obstacle that would be making more likely to fall and injure himself And again, these are all issues that are within the medical judgment of the nurses and the doctors administering this plan Therefore that's why we claim that this is a claim to medical malpractice. Well, does it really matter what we think? I mean, we're sitting here to apply North Carolina law Yes, sir. The question isn't so much whether we can make the distinction. It's what North Carolina law tells us about the distinction Yes, I think that's correct. So the United States References the court to the North Carolina Court of Appeals in DLB Frye Regional Medical Center Because I think if that's the one case in North Carolina where they really looked at something that was Almost identical to the false precaution plan that we're dealing with that issue and they found that that was something that involved Identifying the risk implementing steps clinical judgment intellectual skill It was something that came after the North Carolina Court of Appeals Decision in Sturgill which didn't address the false precaution plan the court in DLB Frye specifically said we didn't address it before We're looking at it now. It doesn't involve clinical judgment doesn't involve intellectual skill We're treating this as a medical malpractice action. And I think that's instructive and governs a situation that's before us today I think the plaintiff then goes on to fault to attempt to couch their claim under an exception To rule not to North Carolina civil procedures rule 9j and claim that it's a claim of rest It's a love well, I think in this case your honor They failed to allege the three problems required for rest of the law under North Carolina law It's required that they should that in a medical malpractice case to make a claim for rest It said that they should direct cause is They can't allege direct evidence of the cause of the injury that the injury happened while an exclusive Control of the defendant and that the injury is not of the type that would occur And I think on the second two problems is really strength of where their argument completely is the deal case binding authority in North Carolina Your honor. I believe it's a published opinion, but I think it is unpublished And so is it binding authority in North Carolina your honor? I do not believe that it would be binding authority in North Carolina, but it is instructive And it's the only case in North Carolina that's looked at the issue. So I think it's instructive and helpful in this case As to the claim of recip said the plaintiff has not shown that the patient's injury occurred while an exclusive control of the defendant because she's failed to eliminate the possibility that he came into the hospital with this injury as We've already talked about this patient was very frail It's coming in on September 18th had no increase in pain between September 18th and September 21st September 21st he was found laying on the floor again his pain remained constant until September 25th Which is when he was evaluated for intestinal issues not for any potential pain or hip break There were no signs of any such injury at that point incident Incidental to that x-ray they found the hip break Plaintiff hasn't eliminated the possibility that that he entered the hospital at hip break and in fact, that's just as likely as him having Sustained that injury while in the care of the hospital I actually had a question that was triggered by deal that I don't think you addressed and that is how Unpublished opinions are treated varies from circuit to circuit So we have rules that say that they have to be that There is no distinction as to how they were to be treated after a certain point I guess it was 2007 I don't remember but in any case Circuits can each decide whether or not they are binding precedent in that circuit does North Carolina have a rule about that Your honor. I'm not not aware of that I think the case was decided in 2010 And I don't know if that would change your question at all Thank you You're on Has this come up to your knowledge in a federal court claims that Yes, your honor. It has come up in a federal courts claim back not in the state of North Carolina No, I mean in North Carolina, okay In Right, I think it's right the United States the Middle District of North Carolina did deal with the federal court claims that judge Osteen issued the opinion. This is an opinion that was also cited in the district court judges opinion In that case the court found that believe that case specifically was dealing with recipes a lot more So it wasn't dealing specifically with the ordinary negligence versus there. There are no federal court claims that cases dealing with a Other than this race episode case that you there probably are cases dealing with rule 9j on whether or not I'm thrown Taking a case out where it fails to ledge 9j But not anything that's specifically relevant to the case it to the case pan which if there were it wasn't a federal District court case in North Carolina that spoke to a false precaution plan and whether or not that would require a 9j certification or not That answer Yes Unless there are any other questions from the court the government The United States respectfully ask that this for the firm the judgment of this report based on existing, North Carolina Thank you Mr. Sarda All right nothing further to add okay, I did want to ask the same questions How would you distinguish the fall precaution in this case from the fall risk of screen assessment in deal? Because it was a screening your honor. I think it required actual Medical involvement it wasn't just a direction to make sure the slats were up make sure the Wheelchair was properly braced, etc. The deal case has actual Medical involvement in terms of what the nurses what the doctors had to do from minute to minute That's not the case here So what's I'm not understand. What's the distinction between the the screening plan and the fall precautions plan It would appear I mean it did not appear to me picking up on JJ's question It appeared to me that and I can go back and look at the precaution involved the same some of the same analyses and safeguards I Think I think there are parallels, but I don't think there's the same thing I think one is just an instruction to the med tech to the to the Licensed practical nurses, etc. It is make sure the rats or make sure the wheelchairs are locked to make sure he doesn't fall That is not the same as the deal case And by the way, there was no hearing below was there no you and you never asked to amend the complaint I did no Nor do you think you need to I do not Thank you Thank you, if there are no further questions, we will come down Greek Council and take a short recess
judges: Allyson K. Duncan, G. Steven Agee, Andre M. Davis